RECEIVED
JUL 1 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JIMMIE J. LEBLANC, ET UX | CIVIL ACTION NO. 04-2335 |
| VERSUS | JUDGE DOHERTY |
| GEORGIA-PACIFIC CORPORATION, ET AL | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

This matter is, once again, before this Court on a Motion to Remand for lack of subject matter jurisdiction. The motion is opposed by Honeywell International, Inc., the removing defendant. However, for reasons substantially similar to those which prompted this Court to remand this matter once before, the Motion to Remand will be granted and this matter remanded to state court.

The plaintiffs have asserted claims against numerous defendants arising out of illness from which the plaintiffs allege Mr. LeBlanc suffers as a result of exposure to asbestos. The plaintiffs' suit was filed in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, but later removed on the basis of diversity jurisdiction, with the defendants arguing that the non-diverse Louisiana defendants were improperly joined and, therefore, their citizenship should be ignored in the jurisdictional analysis. This Court rejected that argument and granted the plaintiffs' Motion to Remand after considering and applying the Fifth Circuit's applicable standards for evaluating improper joinder.

After this matter was remanded, the plaintiffs provided discovery responses concerning the three Louisiana defendants whose presence had defeated diversity jurisdiction. Honeywell argues

that discovery reveals a complete absence of evidence against the non-diverse Louisiana defendants. Based upon this analysis, a named defendant once again removed this action to this Court notwithstanding the fact that the plaintiffs had, in the interim, amended their petition to name additional non-diverse Louisiana defendants. The plaintiffs have now, once again, moved for remand of this matter to state court.

The questions presented for consideration at this time are identical to those which prompted the initial remand of this matter, but are controlled by more recent jurisprudence. The Fifth Circuit issued a decision *en banc* which resolves certain inconsistencies within its prior jurisprudence concerning the "improper joinder" doctrine (now the preferred nomenclature rather than "fraudulent joinder") and clarifying the pertinent standard of review. *See* Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (*en banc*). "The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court." Id. at 572. "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Id. Specifically, a removing defendant must prove the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In this case, the sole basis of contention is the requirement for complete diversity.

Where the face of the complaint demonstrates that complete diversity does not exist, the removing defendant "bears a heavy burden of proving that the joinder of the in-state party was improper." 385 F.3d at 574. "The doctrine of improper joinder entitles a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.' Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined,

*the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."* Id. at 573 (emphasis added). "Given this focus, we have recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Id. Honeywell has not alleged fraud in the pleading of jurisdictional facts – *e.g.* a fraudulent allegation that one party is a citizen of Louisiana when that fact is demonstrably false – therefore, the existence of jurisdiction will turn on whether Honeywell has proved the plaintiffs *cannot* establish a cause of action against the Louisiana defendants.

The standard to which Honeywell's argument is to be held also is clearly set out in Smallwood. "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not." Id. (emphasis added).

"There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such

-3-

cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. . . . We emphasize that any piercing of the pleadings should not entail substantial hearings. . . . Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id. at 573-74.

Given the Smallwood decision, Honeywell's burden is to demonstrate diversity jurisdiction exists in this matter, *i.e.*, that there is no possibility of recovery by the plaintiff against the McCarty Corporation, Anco Insulation, Inc., Reilly-Benton Company, Inc., Hub City Ford, General Auto Parts, Inc., George E. Tricou, Jr., Mark D. Tricou, R. Jarvis Fortier, or D. E. Citron, III. The Rule 12(b)(6)-type analysis provides the proper analytical paradigm here because the resolution of the plaintiffs' Motion to Remand turns on the sufficiency of their pleadings alone. This Court will proceed beyond this analysis to "pierce the pleadings" only in those rare instances where a summary inquiry is necessary "to identify the presence of *discrete and undisputed facts* that would preclude plaintiff's recovery against the in-state defendant." Id. (emphasis added). The dispute on which the Motion to Remand turns can in no way be described as involving discrete and undisputed facts.

Just as in the earlier removal, Honeywell's argument is focused on the plaintiffs' alleged inability to gather the evidence they need to sustain claims against the Louisiana defendants. As this Court noted in its earlier ruling, however, the question of improper joinder does not turn on *evidence* but upon legal viability of the plaintiffs' claims against the Louisiana defendants. Even assuming that Honeywell is correct that the plaintiffs' claims against the Louisiana defendants are improbable – an issue concerning which this Court will venture no opinion whatsoever – the argument

concerning the unlikelihood of the plaintiffs' success reflects a misunderstanding of the standard *Honeywell* must prove in order to demonstrate that this Court has jurisdiction over this action: that there is no *possibility of recovery* by the plaintiffs against each and every one of the Louisiana defendants. Thus, Honeywell has not answered the correct question in is analysis.

Moreover, Honeywell's argument focuses solely on Hub City Ford. Thus, even had it sustained its burden, it would have done so as to only one of the named Louisiana defendants. It has made no attempt to demonstrate that the remainder of the Louisiana citizen defendants were improperly joined. Finally, in no way has Honeywell's argument acknowledged that this court *has already ruled* that the three earlier-named Louisiana defendants – who apparently are still named defendants here – were *not* fraudulently joined, nor made any effort to demonstrate how this Court's earlier ruling was in error or otherwise must be reconsidered.

For the foregoing reasons, as well as the reasons more particularly set forth in this Court's Memorandum Ruling of July 9, 2004, in Civil Action No. 04-0852, entitled "LeBlanc v. Georgia-Pacific Corporation, et al," this Court finds that Honeywell has not demonstrated that diversity jurisdiction exists in this matter. Therefore, the Motion to Remand shall be granted.

THUS DONE AND SIGNED, Lafayette, Louisiana, this 13 day of July, 2005.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-5-